47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie WILLIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6337.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1995.
 
 Before: KEITH, NELSON, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's order affirming the Secretary's denial of disability benefits under the Social Security Act. We find that there is substantial evidence to support the Secretary's determination and therefore AFFIRM.
 
 I.
 
 2
 Willis alleges disability due to injuries he sustained in a 1988 accident. He claims that he primarily suffers residual pain in his upper extremities, shoulders and back. The ALJ determined that plaintiff could not perform his former work, but retained the ability to perform sedentary work. He also found that plaintiff did not have significant nonexertional impairments that would preclude the performance of a full range of sedentary work. Accordingly, the ALJ concluded that plaintiff was not entitled to disability benefits. Rule 201.28, 20 C.F.R. Part 404, Subp. P, Appendix 2 (1993).
 
 II.
 
 3
 This court reviews the final decision of the Secretary to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). We do not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. Cutlip v. Secretary of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). If supported by substantial evidence, the Secretary's decision must be affirmed, even if a reviewing court could decide the matter differently. Cutlip, 25 F.3d at 286.
 
 A.
 
 4
 Plaintiff's first argument, that the Secretary's deferential reliance on Dr. Eidelson's opinion is misplaced and that Dr. Hammons' assessment should have been conclusive because he was the only "treating physician" to perform a residual functional capacity evaluation ("RFC"), misses the mark. First, Dr. Hammons should not be considered a treating physician. At the time of the hearing, plaintiff had just begun treatment with Dr. Hammons. Our reliance on the opinion of a treating physician is premised on the facts that the treating physician generally is more familiar with the patient's condition and has greater opportunity to observe the patient. Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir. 1992). These facts did not exist here. As such, Dr. Hammons' opinion is weighed as any other consulting physician. Further, although Dr. Hammons' opinion was favorable to plaintiff, it was conclusory and not supported by the objective medical evidence. For this reason alone, the Secretary need not have deferred to Dr. Hammons' medical findings.
 
 
 5
 Additionally, we find that Dr. Eidelson's records addressed his possible disability. He conducted clinical and diagnostic tests that support his finding that plaintiff could perform sedentary work and his subsequent release of plaintiff to return to work. Further, his findings are consistent with the opinions of Drs. Privett and Leung. Thus, the Secretary's deference to the testimony of Dr. Eidelson was appropriate.
 
 
 6
 We also reject plaintiff's contention that the RFC evaluations prepared by Drs. Morgan and Hammons are controlling. An RFC must be consistent with the nature and extent of the plaintiff's impairments, as documented by the results of medically acceptable clinical and laboratory techniques. Because the RFC evaluations are not supported by objective medical data, we believe that the ALJ was justified in placing his reliance on other evidence. Thus, the ALJ properly rejected Drs. Hammons' and Morgan's conclusion that plaintiff could not sit nor stand more than two hours in an eight-hour day because they failed to set forth specific objective clinical or diagnostic findings.
 
 B.
 
 7
 Next, we find that substantial evidence exists to support the Secretary's finding that plaintiff's allegations of disabling pain are not credible and, therefore, plaintiff did not suffer from a nonexertional impairment that significantly limited his ability to perform sedentary work. An ALJ must cite evidence in the record to justify discrediting a claim of pain. We find that the ALJ specifically set forth the criteria he utilized in evaluating plaintiff's subjective complaints and that substantial evidence supported the ALJ's rejection of plaintiff's credibility. Casey v. Secretary of Health & Human Servs., 987 F.2d 1230, 1234 (6th Cir. 1993) (per curiam).
 
 C.
 
 8
 We also find that the ALJ correctly applied the Medical Vocational Guidelines (the "grids"). The Secretary may rely upon the grid to show that the plaintiff retains the residual functional capacity to perform work in the national economy by reference to the grids unless the plaintiff suffers from nonexertional limitations which significantly limit the range of work permitted by his exertional limitations. Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). Upon a review of the record as a whole, we conclude that the Secretary's findings are supported by substantial evidence. No objective medical evidence exists to demonstrate the presence of any significant nonexertional limitations such that plaintiff would be precluded from performing the full range of sedentary work. Therefore, reliance on the grids was proper and the testimony of a vocational expert was not necessary because there was no reliable objective medical evidence to support his testimony. Crady v. Secretary of Health & Human Servs., 835 F.2d 617, 622 (6th Cir. 1987)(per curiam).
 
 D.
 
 9
 Plaintiff's claim that he was denied due process when the Appeals Council allegedly failed to review his objections to the ALJ's findings is not subject to judicial review. Only final decisions of the Secretary are subject to judicial review under Sec. 405(g). Califano v. Sanders, 430 U.S. 99, 108 (1977). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Secretary. Casey, 987 F.2d at 1233. In the instant case, the Appeals Council's May 8, 1991 letter indicates that plaintiff's request for review had been considered and denied, and therefore, the ALJ's decision stands as the final decision of the Secretary. Therefore, on appeal, we review the ALJ's decision and not the denial of review by the Appeals Council. Id.
 
 
 10
 Plaintiff's contention that he was denied due process on remand from the district court is equally without merit. The case was not remanded for further consideration, but rather, so that the Secretary could reconstruct the missing file. Therefore, the June 19, 1990 decision of the ALJ remains the final decision of the Secretary. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).[1]
 
 III.
 
 11
 For the stated reasons, we AFFIRM.
 
 
 
 [1]
 Claimant argues that the Appeals Council was required to reconsider claimant's written exceptions on remand under 20 C.F.R. Sec. 404.984 (b)(2). Claimant's reliance on this provision is misplaced. The district court did not remand the case for further action, but rather, to locate or recreate the missing claims file. Section 404.984 (b)(2) governs cases in which the district court remands to the Secretary for further findings