69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nina G. KAPPESSER, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, By and Through the UNITED
STATES of America, Defendant-Appellee.
 No. 95-5387.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 Before: KRUPANSKY, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Nina G. Kappesser appeals a district court judgment which affirmed the Secretary's denial of her application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 An Administrative Law Judge ("ALJ") found that Kappesser had severe asthmatic bronchitis secondary to latex sensitivity, hypertension controlled by medication and degenerative changes of the lumbar spine. While the ALJ found that her condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations, he also found that Kappesser could no longer perform her past work as a staff nurse in a hospital. Nevertheless, the ALJ found that Kappesser was not disabled because a limited but significant number of sedentary jobs were still available to her. This opinion became the final decision of the Secretary on October 27, 1993, when the Appeals Council declined further review. On February 3, 1995, the district court adopted a magistrate judge's recommendation and awarded judgment to the Secretary. It is from this judgment that Kappesser now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. See Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993).
 
 
 5
 Kappesser has been treated for low back pain as well as synovitis and osteoarthritis in her right knee. However, she no longer argues that her disability is based on these impairments. Instead, Kappesser's current arguments focus on her respiratory problems.
 
 
 6
 In August 1991, Kappesser was hospitalized for treatment of pneumonia, chronic sinusitis, anemia, asthmatic bronchitis, eosinophilia and diverticulosis. Her treating physician, Dr. Miller, reported that she was discharged with some improvement. Dr. Sivak later reported that Kappesser's shortness of breath would improve if she lost weight and that her wheezing could be controlled by increasing her medication. However, Kappesser subsequently underwent testing which indicated that she was allergic to latex. Dr. Sublett noted that her attempts to return to work had been unsuccessful due to the pervasive use of latex gloves in hospitals and reported that her asthma was also triggered by exposure to non-specific irritants and dust. In June 1992, Dr. Miller reported that Kappesser's respiratory problems made it difficult for her to work and recommended that she consider total disability because of the latex allergen that is found in hospitals. Dr. Wolford also indicated that Kappesser was unable to perform her work due to hypertension, bronchitis, pneumonitis and latex sensitivity.
 
 
 7
 Kappesser now urges this court to consider the deposition testimony of Drs. Sublett and Miller, which was submitted after the ALJ rendered his decision. In particular, she cites Dr. Sublett's testimony which indicates that everyone in health care is exposed to tremendous amounts of latex and Dr. Miller's comment that she would have difficulty traveling. In denying her request for further administrative review, the Appeals Council found that these depositions contained information that was similar to other information that had been considered by the ALJ.
 
 
 8
 We will not review evidence that was not considered by the ALJ when the Appeals Council has declined further review. Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (per curiam). A remand for administrative consideration of such evidence is appropriate only if the claimant shows that it is new and material and that there was good cause for failing to submit it to the ALJ. Id. Kappesser has not made any attempt to meet this test. Instead, she argues that the depositions were reviewed and considered by the ALJ. This argument is unavailing, as the ALJ specifically noted that the record was closed at the end of the administrative hearing and Kappesser did not submit the depositions until several months after the ALJ had rendered his final decision.
 
 
 9
 Kappesser has not shown that there was cause for failing to present this evidence to the ALJ before he rendered his decision. See Oliver v. Secretary of Health and Human Servs., 804 F.2d 964, 966 (6th Cir.1986). She has also failed to show that the evidence was new and material. See Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 711-12 (6th Cir.1988) (per curiam). Dr. Sublett's comments did not differ significantly from his previous entries in the medical record. Moreover, Dr. Miller's comment regarding Kappesser's ability to travel would not have altered the Secretary's determination, since a vocational expert ("VE") identified a significant number of jobs that were available to Kappesser in the city where she lived.
 
 
 10
 The ALJ found that Kappesser could not work in an environment that contained latex allergens, dust or fumes, but he also refused to credit Kappesser's assertion that she was totally disabled. Kappesser argues that the ALJ improperly judged her credibility. However, the ALJ properly considered the medical record as well as Kappesser's activities and medications before making his credibility finding. See Felisky v. Bowen, 35 F.3d 1027, 1037-38 (6th Cir.1994); Bogle, 998 F.2d at 348. This finding is supported by substantial evidence, as the medical record indicates that Kappesser's breathing problems are caused by atmospheric contaminants and the VE's testimony indicates that work is available to her in a clean and sterile environment. There is also substantial evidence in the medical record which supports the ALJ's finding that Kappesser can still perform a limited range of sedentary work.
 
 
 11
 Since Kappesser was unable to perform her past relevant work, the burden shifted to the Secretary to show that a significant number of other jobs were still available to her. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). To meet this burden, the ALJ relied on the VE's testimony regarding the number of sedentary jobs that were available to Kappesser despite her non-exertional limitations. Kappesser now argues that the ALJ did not give adequate consideration to the vocational adjustment necessary for her to perform a different job. Since Kappesser was over 55, there had to be "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry," in order for her existing skills to be transferable to other skilled sedentary work. 20 C.F.R. Part 404, Subpt. P, App. 2, Sec. 201.00(f) (1993). "The transferability of skills depends largely on the similarity of work activities among the previous and suggested jobs." Burton v. Secretary of Health and Human Servs., 893 F.2d 821, 823 (6th Cir.1990).
 
 
 12
 The VE testified that Kappesser's past work as a hospital nurse had involved skilled positions that required a light to medium level of exertion. The ALJ immediately asked the VE about transferable skills, and the VE responded that nursing positions existed at all exertional levels. The VE then offered the following description of sedentary nursing positions:
 
 
 13
 Basically Your Honor, the jobs that I'm thinking of are the ones that are administration doing all the clerical work. The ones who are in rehabilitation do all the phone work to maintain contact with clients and the visiting nurses associations, the, the different types of product information will employ people to answer the phone or emergency types of service nurses will man the phones.
 
 
 14
 The ALJ specifically found that Kappesser had acquired skills in her past work, which were transferable to these types of positions. Kappesser's description of her past work shows that it involved extensive record keeping and that she performed the following duties:
 
 
 15
 We have to be alert for emergencies at any moment and keep our workload up to date in case of emergencies. During the shift, I might have talked with the pharmacy, lab, x-ray, surgery, or various other departments by phone, clarifying orders or reporting on a patient's condition.
 
 
 16
 As RN teamleader, I update or initiate each assigned patient's care plan daily. I try to find time to talk with each patient and the patient's families for patient teaching. When one of my patients are [sic] discharged I give discharge teaching, explaining home care, medicines, and doctor's orders.
 
 
 17
 This evidence provides substantial support for the ALJ's finding regarding the transferability of skills, as it shows that Kappesser's past work required her to perform very similar activities to those which were described by the VE. See Burton, 893 F.2d at 823-24.
 
 
 18
 The VE identified 442 sedentary nursing jobs in Louisville, Kentucky, where Kappesser had worked and still lived. She also testified that there were 1,149 of these jobs in the state of Kentucky and 101,212 such jobs nationally. Kappesser now argues that the VE did not identify enough jobs to satisfy the Secretary's burden. However, the VE's response provided substantial evidence to support the ALJ's finding that a significant number of jobs were still available to Kappesser. See Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988); Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988). In this regard, we note that many individuals would not possess the training, experience and skills that qualify Kappesser for a sedentary nursing position. See Jenkins, 861 F.2d at 1087.
 
 
 19
 Accordingly, the district court's judgment is affirmed.