Josie **CASEY**, Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant–Appellee.

No. 92–1668.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 26, 1993.

Decided Feb. 8, 1993 *.

* This decision was originally issued as an "unpublished decision" filed on February 8, 1993. On March 4, 1993, the court designated the opinion as one recommended for full-text publication.

Marc W. Mulder (briefed), Wayne County Neighborhood Legal Services, Highland Park, MI, for plaintiff-appellant.

Ted Yasuda (briefed), Grace M. Kim, Dept. of Health and Human Services, Office of the Gen. Counsel, Region V, Chicago, IL, Elizabeth Larin, Asst. U.S. Atty., Detroit, MI, for defendant-appellee.

Before: MERRITT, Chief Judge; and KENNEDY and GUY, Circuit Judges.

PER CURIAM.

Plaintiff, Josie Casey, appeals from the denial of social security disability benefits and the denial of supplemental security income benefits. Casey originally filed for social security benefits in 1983 and again in 1985. Each time, the Secretary determined that Casey was not disabled and therefore denied her application for benefits. Those determinations were not appealed. Plaintiff filed a third application alleging a new onset date, and she also filed a claim for SSI benefits. Casey's application was denied initially and on reconsideration. An administrative law judge held a hearing and considered her case *de novo.* · The ALJ found her not disabled, and the appeals council denied review. After an appeal to the district court, the matter was referred to a magistrate. The magistrate's report and recommendation concluded that summary judgment should be granted in favor of the Secretary. After considering plaintiff's objections, the district court adopted the magistrate's report and recommendation. Plaintiff timely appealed.

After review of the record, we find that there is substantial evidence to support the Secretary's determination and therefore affirm.

I.

Denial of Social Security Benefits

Casey, who was born in 1931, graduated from Alabama State University with a bachelor's degree in elementary education and, prior to her claimed disability, worked for 11 years as the administrative director for a day-care center. She left her employment in 1982 when the day-care center went out of business. Her first application for disability benefits, filed in 1983, was denied in an initial determination and was never appealed. Her second application, filed in 1985, was ultimately denied in a decision issued by an ALJ on September 5, 1986. Again, plaintiff did not appeal that decision. In 1989, Casey filed her third application for benefits, alleging her disabilities began on September 6, 1986. Plaintiff's insured status expired on December 31, 1986.

 As an initial matter, we note that the earlier decisions of the Secretary that were not appealed are final and binding. 20 C.F.R. § 404.955. Given these earlier decisions, plaintiff may not be found disabled prior to September 6, 1986, as that issue has been decided and must be given *res judicata* effect. *Carver v. Secretary of Health and Human Servs.,* 869 F.2d 289, 291–92 (6th Cir.1989). Therefore, it is plaintiff's burden to show by clear and convincing evidence that she was disabled during the relevant four-month period, September 6 to December 31, 1986. Further, when a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her

earlier condition that she was unable to perform substantial gainful activity.

This court reviews the final decision of the secretary to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *See Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Plaintiff has the ultimate burden of establishing the existence of a disability. The ALJ concluded that "[e]ssentially, there is no medical evidence in the record describing the claimant's physical condition from September 6, 1986, through December 31, 1986." We find this conclusion appropriate.

The evidence on which plaintiff relies to support her claim of disability during this relevant period fails to establish disability. The exhibits that plaintiff argues support her claim fall short of their mark. Exhibits 16 and 17 contain no information regarding the relevant four-month period, as they are reports from hospital stays in 1982 and 1984. Exhibits 20 and 21 are reports completed in 1989 by Casey's treating physician, Dr. Mendiratta. Although these reports discuss her medical history in general, no reference is made to any change in condition during the final months of 1986.[1]

Plaintiff also argues that additional evidence submitted to the appeals council shows that the ALJ's decision was not supported by substantial evidence. When the appeals council denies review, the decision of the ALJ becomes the final decision of the Secretary. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (en banc); 20 C.F.R. § 404.955. While new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R.

§ 404.970, on appeal we still review the ALJ's decision, not the denial of review by the appeals council. *Phelps v. Secretary of Health and Human Servs.*, 961 F.2d 1578 (6th Cir.1992).

While it is possible that a court "may at any time order additional evidence to be taken before the Secretary," a court may only do so "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff has not only failed to make a showing of good cause, but also has failed to even cite this relevant section or argue a remand is appropriate.

Additionally, even if we were to consider the additional evidence as part of the record in determining whether the ALJ's decision was supported by substantial evidence, our conclusion would not change. This additional evidence does not further her cause in any significant way. The only relevant items regarding the four-month period in question show no marked departure from previous examinations. The rest of the material contained in the additional evidence pertains to a time outside the scope of our inquiry.

## II.

### Denial of SSI Benefits

The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. Claimant's application was filed on March 13, 1989. Plaintiff alleges disability stemming from several different conditions: asthma, hypertension, loss of hearing, thyroid abnormalities, urinary tract problems, diabetes, arthritis or arthritis-like pain, gastrointestinal problems, heart problems, and chest pains. Despite these various impairments, the ALJ determined

---

1. After describing her chest pains, to the question "When did your patient first complain of chest pain which matches the above description in this report?", Dr. Mendiratta responded, "3 y[ea]rs." Although this would place the first complaint of chest pains in 1986, the precise date is not indicated. However, in response to the same question one month later, Dr. Mendiratta responded, "since 1985."

that plaintiff retained the ability to meet the demands of light and sedentary work.

█ Plaintiff's main argument is that the ALJ's decision is not supported by substantial evidence because it is based on incorrect findings of fact. Examining each of plaintiff's ailments individually and in combination, we find the Secretary's decision that plaintiff is not disabled and retains the ability to do light and sedentary work supported by substantial evidence. Plaintiff's asthma is described by her treating physician as "stable." Both consultative internists who examined plaintiff, Dr. Klemptner in June 1989 and Dr. Vicencio in July of 1989, reported no wheezing or rales. Although she claims to suffer from hypertension, it seems to be well-controlled. While plaintiff suffers from some hearing loss, she retains 72 percent discrimination in her left ear, with no problems noted in her right ear. There is no indication that such a loss would affect her ability to perform light and sedentary work. As for her thyroid problem, Casey at one time had a nodular goiter found to be benign. In addition, the latest report by her treating specialist stated that plaintiff's thyroid function was normal, and Dr. Klemptner found no thyroid enlargement. Her urinary tract problems involve urethal strictures which require dilation every few months. In February 1989, Casey's treating urologist reported that she had no permanent functional loss due to her urethral strictures. Additionally, plaintiff's claims of chronic diarrhea are not supported by the evidence. A colonoscopy in 1982 was normal. She has suffered no weight loss, continues to be overweight, and when examined by Dr. Klemptner, she reported no abdominal pain or diarrhea.

While no one disputes that Casey suffers from diabetes, at issue is whether or not the diabetes is disabling. The ALJ found that there was no objective evidence to indicate any secondary complications from this disorder. In a April 1989 report, Dr. Mendiratta stated Casey had "very severe diabetes" resulting in kidney damage, diarrhea, and peripheral neuropathy, but, as noted by the ALJ, there is no objective

evidence to support this diagnosis. Also in the same report Dr. Mendiratta noted that her diabetes was under fair control. There is substantial evidence in the record to support the ALJ's determination.

█ Casey also challenges the ALJ's discrediting of her own testimony. "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 928 (6th Cir.1987). Casey's claims of debilitating pain in her knees, hip, and back, whether stemming from arthritis or severe neuropathy, fail to pass the *Duncan* test. *See Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 852–53 (6th Cir.1986). *Duncan* requires that subjective claims of disabling pain be supported by objective medical evidence. The ALJ found there was no objective evidence of an underlying condition that would account for the pain of which Casey complains. There is no evidence in the record of arthritis, such as x-rays or a rheumatoid factor test. Plaintiff emphasizes that Dr. Mendiratta diagnosed diabetic neuropathy which can cause pain in the joints and muscles. But, as the ALJ found, there is no documentation of that condition beyond the conclusory statement of Dr. Mendiratta. Additionally, when examined by the consulting doctors, Casey exhibited full range of motion in all of her joints and did not exhibit tenderness, muscular weakness, or atrophy associated with severe pain.

As for plaintiff's heart condition, the ALJ's conclusion that her condition is not disabling is supported by substantial evidence. Many tests have been performed on the plaintiff over the years. The expert medical advisor, Dr. Lewis, reviewed all of the evidence and testified that there was no evidence of any heart disease. While plaintiff takes nitroglycerine about once a week to relieve chest pain, an echocardiograph, EKG studies, x-rays, and treadmill stress tests fail to disclose a disabling condition.

█ Plaintiff emphasizes several reports by Dr. Mendiratta wherein he states

that plaintiff is "unemployable"; however, unemployable is not equivalent to disabled. *See Odle v. Secretary of Health & Human Servs.,* 788 F.2d 1158, 1161 (6th Cir.1985). Additionally, plaintiff attacks the testimony relied on by the vocational expert because he did not consider all of Casey's illnesses. It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact. *See Hardaway,* 823 F.2d at 927–28.

The main thrust of plaintiff's argument can be summarized in one sentence: "[S]ubstantial evidence contradicts the Secretary's findings that Plaintiff has the residual functional capacity to return to her past relevant work." While this may indeed be true, it is also true that substantial evidence supports the Secretary's finding. Given the applicable standard of review, we AFFIRM.