47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty J. KERSHAW, Plaintiff-Appellant
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee
 No. 93-4357.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1995.
 
 Before: MERRITT, Chief Judge; NELSON and DAUGHTREY, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff Betty Kershaw appeals the denial of Supplemental Security Income (SSI) disability benefits. The Administrative Law Judge found that she was not entitled to disability benefits, and the District Court agreed. A provision of 20 C.F.R.Pt. 404, Subpt. P, App. 1 Sec. 12.05 requires the claimant to show that a low IQ sufficient to claim disability benefits manifested itself prior to age 22. The primary issue before us is whether substantial evidence supports the finding of the ALJ that Mrs. Kershaw's borderline intelligence did not manifest itself before she reached 22 years of age.
 
 
 2
 The opening paragraph of Sec. 12.05 states in relevant part: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)." As we held in Brown v. Secretary of Health and Human Services, 948 F.2d 268 (6th Cir. 1991), it is essential for the claimant to demonstrate that her low IQ manifested itself in her prior to age 22. Mrs. Kershaw presented the results of an IQ test administered by Dr. Nelson, which indicated that she has a verbal IQ of 69. If she satisfied all the other requirements set forth in the regulations, this score would entitle her to disability benefits. Section 12.05(c) sets the following criteria for disability: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function[.]"
 
 
 3
 As mentioned previously, however, any low IQ must manifest itself before the claimant reaches age 22. The plaintiff has the ultimate burden of proving that she meets the Secretary's definition of disability. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). Section 12.05 is used when disability due to mental retardation is claimed, and thus the ALJ applied the proper standard in this case requiring developmental disability prior to age 22. Mrs. Kershaw presented no evidence that she suffered from borderline intelligence of a disabling nature before she reached age 22, and therefore did not meet her burden of proof.
 
 
 4
 Accordingly, the judgment of the District Court is affirmed.