73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Raymond LESTOCK, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-4075.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.**
 PER CURIAM.
 
 
 1
 Raymond Lestock appeals the Commissioner's decision to terminate his disability benefits under 42 U.S.C. Sec. 423(f) (1988), which permits the Commissioner to terminate a recipient's disability benefits on a finding that the recipient is no longer disabled. Lestock claims that the Commissioner failed to consider certain relevant and material evidence, and improperly applied the "grids" contained in Title 20, Part 404, Subpart P, Appendix 2, codified at 20 C.F.R. Sec. 404, Sbpt. P, App. 2 (1995), which determine the existence or non-existence of the availability of relevant work in the national economy. We find the Commissioner's decision to be supported by substantial evidence and AFFIRM.
 
 
 2
 Lestock was diagnosed with Parthes disease, which is a growth disorder of the hip, at age twelve. Over the next twenty-five years, he underwent several surgeries on his right hip. In 1976, Lestock had a total hip replacement of his right hip. He then had two revisions of the hip replacement, in 1978, and again in 1986. After filing an application for disability benefits, Lestock began receiving benefits in 1986, when the Social Security Administration granted him disability dating back to February 1, 1985. Two years later, the Administration reviewed Lestock's continued entitlement to benefits, and determined that Lestock was no longer entitled to disability benefits and that his benefits would be terminated as of August, 1988.
 
 
 3
 A de novo hearing was conducted before the administrative law judge on December 19, 1988. The judge denied Lestock's claim for continuing disability benefits on the ground that Lestock was no longer suffering a disability. After appeal, the administrative law judge's decision was ultimately adopted as the final decision of the Commissioner. After a magistrate judge recommended that the Commissioner's decision be affirmed, Lestock appealed to the district court, raising several issues arising from the magistrate's recommendation. The district court affirmed the Commissioner's finding. Lestock filed a timely appeal to this Court.
 
 
 4
 The record reveals that Lestock underwent a substantial revision of his total hip replacement in September of 1986. In May, 1988, Dr. Harry Figgie, an orthopedic surgeon, examined Lestock, finding that Lestock could walk six blocks, negotiate up and down stairs with banisters, and use public transportation. However, Dr. Figgie did not believe that Lestock could return to his former employment. At that time, Dr. Figgie placed Lestock on a strengthening program in order to help Lestock regain better use of his right leg.
 
 
 5
 In August, 1988, Dr. Figgie re-examined Lestock, finding that Lestock could walk without a cane and that pain did not limit his activity in any way. Dr. Figgie's report indicated that Lestock experienced pain in the right leg when fatigued, but that he had gained strength in the leg and was progressing rapidly.
 
 
 6
 Lestock was in an automobile accident in October of 1988. Dr. Figgie examined him on October 17, noting that Lestock had a lot of back pain due to the accident. However, the report indicated that Lestock was having no major problems. On October 24, 1988, Dr. Figgie examined Lestock again, and found that Lestock's back was extremely stiff, and that Lestock complained of tingling and numbness in his buttocks. Dr. Figgie recommended physical therapy.
 
 
 7
 Finally, Dr. Figgie examined Lestock again on December 13, 1988. Lestock complained of pain and related problems in his knees and back, and pain in his right thigh. Dr. Figgie's report indicates that Lestock could perform sedentary work. However, the report somewhat contradictorily states both that Lestock could not return to full-time work and that Lestock could perform sedentary work.
 
 
 8
 Dr. Brahms, an orthopedic surgeon, testified at the benefits hearing, stating that he was of the opinion that Lestock could perform sedentary work, that there was no evidence of impairments after August, 1988, and that Lestock showed good recovery from his 1986 surgery. The record also shows that several other consulting physicians and a physical therapist were of the opinion that Lestock could perform light, sedentary work.
 
 
 9
 On the basis of this evidence, the Commissioner concluded that Lestock was no longer disabled and terminated his disability benefits as of August, 1988.
 
 
 10
 Lestock asserts several issues in this appeal, claiming that: (1) the Commissioner failed to adequately consider the opinions of his treating physician; (2) the administrative law judge "lulled" Lestock into believing he did not need an attorney; and, (3) the Commissioner improperly applied the Medical-Vocational Guidelines "grid," 20 C.F.R. Sec. 404, Sbpt. P, App. 2, by failing to consider whether Lestock's non-exertional limitations precluded application of the grid.
 
 
 11
 Our standard of review was explained by this Court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 12
 Judicial review of the [Commissioner's] decision is limited to determining whether the [Commissioner's] findings are supported by substantial evidence and whether the [Commissioner] employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 13
 Id. at 681 (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if this Court might have decided the case differently based on substantial evidence to the contrary. Young v. Secretary of Health and Human Servs., 925 F.2d 146, 147 (6th Cir.1990).
 
 
 14
 Lestock first complains that the administrative law judge disregarded the opinion of Dr. Figgie, his treating physician. On October 25, 1988, Dr. Figgie wrote a "To Whom It May Concern" letter in which he stated his opinion that Lestock could not perform full-time sedentary work. The opinion of a treating physician normally is entitled to great weight. Walker v. Secretary of Health and Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). However, the treating physician's opinion must be supported by objective medical facts. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987); Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). The administrative law judge is entitled to disregard the treating physician's opinion where it is not supported by objective evidence. Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 287 (6th Cir.1994).
 
 
 15
 Here, substantial evidence undermines the opinion contained in the October 25 letter written by Dr. Figgie. Dr. Figgie's own office notes indicate that in May, October, and December of 1988, Dr. Figgie believed Lestock to be capable of performing light sedentary work. Dr. Brahams, the medical expert testifying at the disability benefits hearing, stated that he was of the opinion that Lestock could perform light work which did not require more than four hours of walking each day. On these facts, the administrative law judge was entitled to discount the opinion contained in Dr. Figgie's October 25 letter.
 
 
 16
 Lestock next complains that the administrative law judge somehow tricked him into thinking that he did not need counsel at the benefits hearing. However, the record shows that Lestock was informed of his right to counsel, and nothing indicates that the judge tricked or misled him in any way. Further, the judge took care to develop a full and fair record in light of the fact that Lestock was proceeding without counsel. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 856 (6th Cir.1988) (stating that court must scrutinize the record in order to ensure that the claimant had a full and fair hearing in the absence of counsel for claimant).
 
 
 17
 Finally, Lestock claims that the Commissioner improperly applied the grid by failing to account for Lestock's non-exertional limitations. Relying on this Court's decision in Kirk v. Secretary of Health and Human Servs., 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983), Lestock argues that the Commissioner has not shown by substantial evidence that the grid in fact applies to him. Id. at 531 n. 3. Lestock claims that the medical evidence established that he is required to keep his legs raised while sitting or in a sedentary occupation, and that he is also subject to disabling pain, which prevents him from performing any kind of work. However, only one of Dr. Figgie's office notes indicates that Lestock was required to keep his legs raised "at times" while sitting down. Dr. Figgie's notes from other visits indicate no such limitation on Lestock's ability to sit down for extended periods of time.
 
 
 18
 Lestock claims that the Commissioner did not account for the fact that he continually experiences severe, disabling pain. To evaluate a claimant's allegations of disabling pain, this Court explains that "these complaints must be evidenced by an underlying medical condition, and there must be either objective medical evidence confirming the severity of the alleged pain, or there must be an objectively determined medical condition of a severity which can reasonably be expected to give rise to that pain." Blankenship v. Bowen, 874 F.2d 1116, 1123 (6th Cir.1989) (citation omitted); McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988). Here, Lestock obviously has the underlying medical condition which could give rise to disabling pain. However, the medical evidence does not establish the severity of the pain. Dr. Figgie's reports indicate that Lestock suffered slight pain, and Lestock's neurological exam was normal. Further, Dr. Figgie's notes from December 1988 indicate that Dr. Figgie was of the opinion that Lestock could work at a sedentary job.[1] Accordingly, we believe that substantial evidence supports the findings of fact necessary to support application of the grid.
 
 
 19
 The Commissioner's decision that Lestock's disability terminated in August, 1988 is supported by substantial evidence. We AFFIRM.
 
 
 
 *
 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Public Law 103-296, Sec. 106(d), 108 Stat. 1464, 1476 (1994) (effective March 31, 1995), the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security. Accordingly, Shirley S. Chater, Commissioner of Social Security, is substituted as defendant for Donna E. Shalala, Secretary of Health and Human Services. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of this final decision, we refer to the defendant as "the Commissioner."
 
 
 **
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Lestock urges us to consider the reports from several physicians who treated him after the administrative law judge's opinion in this case. All of these opinions indicate that Lestock suffers from severe, debilitating pain due not only to his hip replacement, but also to severe chronic disease in his lower back and knees. However, we are reviewing the administrative law judge's decision, and therefore review only the record before the judge. See Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993). Obviously, this evidence would be relevant if Lestock were to reapply for disability benefits, however, this Court simply is reviewing whether the Commissioner's determination that Lestock was not disabled as of August, 1988, is supported by substantial evidence. Therefore, we will not consider evidence concerning the time period after the administrative law judge's decision in 1990