89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Teresa A. FERGUSON, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-2152.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: KEITH, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Teresa A. Ferguson appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument. This panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Ferguson filed an application for social security disability insurance benefits alleging that she suffered from back pain. Following a hearing, an administrative law judge (ALJ) determined that Ferguson was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Ferguson then filed a complaint seeking review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment for the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Ferguson contends that the Commissioner should not have disregarded the opinion of a social worker who felt that Ferguson satisfied a listed impairment. The Commissioner is not bound by a treating physician's opinion much less that of a social worker. See Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). As the social worker was not a doctor, his medical opinion was not binding on the Commissioner.
 
 
 6
 Ferguson objects to the ALJ's credibility determination. Credibility determinations concerning allegations of pain rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). It is the Commissioner's function to resolve conflicts in the medical evidence and to determine issues of credibility. See King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984). As the objective medical evidence simply does not support Ferguson's allegations of disabling pain, the ALJ's credibility determination is supported by substantial evidence.
 
 
 7
 Finally, we note that Ferguson has attached additional evidence to her brief. Our review is limited to the evidence in the administrative record. See Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (per curiam).
 
 
 8
 Accordingly, we affirm the district court's judgment.