**Juduth M. OWENS, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 99–4261.

United States Court of Appeals, Sixth Circuit.

March 21, 2001.

*Id.* at 1089.

Before KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.

KRUPANSKY, Circuit Judge.

Appellant Judith Owens challenges the lower court's affirmance of the Social Security Administration's decision to deny her disability benefits.

Owens was born on May 9, 1952. She is forty-eight years old. Owens claims she became disabled on August 2, 1994 because of degenerative disc disease, fibromyalgia, Chronic Fatigue Syndrome ("CFS"),[1] adjustment disorder with mixed emotional features, psychological factors affecting physical condition and obsessive/compulsive personality traits. Owens filed an application for Social Security Disability Insurance Benefits on February 27, 1995. Her application was denied initially and on reconsideration. Owens filed a request for hearing and a hearing was held before Administrative Law Judge Nelson G. Karl. Both Owens and her husband testified at that time. The ALJ rendered an unfavorable decision on August 25, 1997. The ALJ found Owens's allegations of disabling symptoms and limitation of function to not be credible in light of objective medical evidence and substantiated medical opinions and that reliable lay evidence of her functional capacity and daily activities did not bolster her credibility. He also found that Owens had the residual functional capacity to perform light work without high stress. While Owens was unable to return to her past work as a salesperson, janitorial supervisor, operations manager, and food service owner, Owens was not precluded by her exertional and nonexertional limitations from doing jobs that were in substantial supply in the national economy.

---

1. Chronic Fatigue Syndrome ("CFS") is "a systemic disorder that may vary in incidence, duration, and severity. It is characterized, in part, by prolonged fatigue that lasts six months or more and that results in substantial reduction in previous levels of occupational, educational, social, or personal activities." Social Security Ruling 99–2p, "Evaluating Cases Involving Chronic Fatigue Syndrome."

A request for review of the ALJ's decision was filed on October 16, 1997. The Appeals Council declined to review on June 26, 1998. Owens filed the instant action in federal district court on August 14, 1998. Both parties consented to the jurisdiction of the United States Magistrate Judge Jack Streepy. On August 27, 1999, the magistrate issued an order affirming the Commissioner's decision to deny benefits. In so ruling, the magistrate offered the following reasons:

There are two observations harmful to Owens' case. First, none of the treating or examining physicians set forth a residual functional capacity, nor did any of them state that she was totally disabled. Second, Owens was not seen, or even examined, by any physician between December of 1995 and April of 1997 when she testified at the administrative hearing. Indeed, all of the medical evidence since the alleged date of disability is concentrated between January 30, 1995, when Owens was examined by Dr. Cochran, and December 4, 1995, when she was last examined by Dr. Minich. This period is less than 12 months. Relevant to this action the term "disability" is defined as follows (42 U.S.C. § 423(d)(1)(A)):

Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

There is substantial evidence to support the Commissioner. Judgment shall be entered for Commissioner.

*Owens v. Apfel,* No. 98cv1867, Memorandum and Order, at 7–8 (N.D.Ohio August 25, 1999). Owens timely appealed on October 15, 1999.

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "Even if that evidence could support a decision the other way," *Casey v. Secretary of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993), this court must affirm the ALJ's decision. *See id.*

■ Owens challenges one of the magistrate's stated reasons for affirmance as being contrary to law. Owens argues that she need not see a doctor every year to qualify for disability benefits; rather, to qualify under the statute, she must have a disability that has lasted or is expected to last for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A). Owens is correct that the benefits analysis is not dependent on when she went to see doctors about her condition, but rather it is dependent upon how long the impairment was *expected* to last. *See Sierakowski v. Weinberger,* 504 F.2d 831, 834–35 (6th Cir.1974). The magistrate was incorrect to rely on this rationale as a basis for affirmance. Nevertheless, the magistrate's error does not assist Owens in obtaining her sought-after reversal for two reasons: (1) the magistrate listed other reasons for affirming the ALJ's decision; and (2) the magistrate's error was harmless because the ALJ had not relied on the improper basis and the magistrate's rationale was not a basis for reversing the otherwise proper ALJ findings. *See Maziarz v. Secretary of Health & Human Services,* 837 F.2d 240, 244 (6th Cir.1987).

■ Sensing that the ALJ's unfavorable credibility determination is fatal to her case, Owens next argues that the ALJ did not use the correct factors to guide his credibility inquiry. Owens correctly points out that no one denies that she

suffers from CFS. The ALJ found her not credible as to the degree of CFS's effect on her because there was a dearth of objective medical evidence supporting her claims of disabling symptoms and limitation of function. Owens argues that the ALJ should have looked more closely at the subjective evidence in this case because she suffers from a condition which is not susceptible to objective determination. She finds support for her proposition in Social Security Ruling 99–2p which encourages adjudicators of disability claims involving allegations of CFS to carefully consider subjective evidence of daily activities and functional capacity. Applying this standard, the ALJ reviewed the subjective evidence and concluded that "reliable lay evidence concerning the claimant's functional capacity, daily activities and treatment modalities" did not support Owens's allegations of disabling symptoms and limitation of function. The ALJ based this finding on Owens's testimony that she was capable of attending to her personal needs and that she performed most of her household tasks with some limited assistance. The ALJ also relied on evidence that she assisted her husband with his janitorial business and engaged in a number of recreational activities. The evidence provides substantial support to the ALJ's conclusion that Owens had the residual functional capacity to perform light work without high stress and that Owens' claims to the contrary were not credible.

Because the ALJ's findings are supported by substantial evidence, the lower court's judgment is AFFIRMED.