**Deloris COUCH, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 00–5672.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before NATHANIEL R. JONES, DAUGHTREY, and COLE, Circuit Judges.

Deloris Couch appeals a district court order granting summary judgment for the defendant after the Commissioner of Social Security denied her application for supplemental security income (SSI) benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Couch filed her application for SSI benefits, alleging that she was disabled because she suffered from arthritis and mental impairments. Upon review of Couch's application, the administrative law judge (ALJ) concluded that she suffered from the severe impairments of low back pain, borderline intellectual functioning, and a personality disorder. However, she did not have an impairment or combination of impairments that met or equaled the requirements set forth in the Commissioner's Listing of Impairments. In light of her residual functional capacity, the ALJ concluded that she was able to perform her past relevant work. Therefore, he determined that Couch was not disabled.

Following the Appeals Council's decision affirming the ALJ's determination, Couch sought judicial review of the Commissioner's decision. The district court concluded that substantial evidence existed to support the Commissioner's decision, and the court granted summary judgment for the defendant. Couch has filed a timely appeal, in which she argues that: 1) the ALJ improperly relied on an inaccurate hypothetical question to a vocational expert (VE) to conclude that she was not disabled; and 2) substantial evidence does not exist to support the ALJ's decision that she could perform her past relevant work.

 Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir.1995). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994), and even if the claimant's position is also supported by substantial evidence. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Substantial evidence exists to support the accuracy of the ALJ's hypothetical question to the VE. Further, substantial evidence exists to support the ALJ's

determination that Couch was capable of performing her past relevant work.

Accordingly, this court affirms the district court's judgment.