**Richard HOPKINS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–3544.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Richard Hopkins, Tipp City, OH, pro se.

Anne Lipnitz, Assistant Regional Counsel, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before KENNEDY, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Richard Hopkins, a pro se Ohio resident, appeals a district court judgment affirming the Commissioner's termination of his social security disability insurance benefits and his supplemental security benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hopkins was granted disability benefits beginning in August 1991 when he was twenty-six years old. An administrative law judge (ALJ) found that Hopkins was an alcoholic and drug addict within the meaning of 20 C.F.R. § 416.935 (1992). The ALJ also found that the medical evidence established that Hopkins had cervical disc disease, chronic obstructive pulmonary disease, mental retardation, a personality disorder, and a substance addiction.

Pursuant to 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J), the Commissioner terminated Hopkins's benefits as of January 1, 1997, because his drug and alcohol abuse was a contributing factor to his disability. In addition to abusing alcohol and marijuana, Hopkins regularly used cocaine. In April 2000, Hopkins reported using thirty dollars to one hundred dollars worth of cocaine on a daily basis for a year. He also admitted that he had consumed eight hundred dollars worth of cocaine on April 6, 2000.

After the termination of his benefits, Hopkins requested reconsideration, which was denied. Hopkins then requested a hearing. After two hearings, an ALJ denied Hopkins benefits. The Appeals Council declined to review the ALJ's decision.

Hopkins then sought judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

On appeal, Hopkins's pro se brief is construed as arguing that the ALJ erred in finding his testimony not credible as to the effects of his medication on his ability to work. Hopkins also states that the ALJ should have ordered additional testing and that his benefits were "illegally" terminated.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported

by substantial evidence even if that evidence could support a contrary decision. *Id.*

Hopkins appears to argue that the ALJ erred in concluding that his testimony was not credible. Specifically, Hopkins states that the ALJ should have concluded that the effects of his medications prevented him from working. In his credibility determination, the ALJ found Hopkins's allegations concerning his inability to work not credible. The ALJ noted that Hopkins's subjective complaints, including pain, were disproportionate with, and not supported by, the objective evidence in the record. The ALJ acknowledged that Hopkins did experience some discomfort. However, the evidence showed that Hopkins had an ability to engage in work related activities. There was no evidence of side effects that would prevent Hopkins from engaging in gainful activity. Although Hopkins complained of drowsiness, nausea, and blurred vision, these conditions were not documented in the record. Further, the ALJ noted other instances in which Hopkins had not been completely truthful. Credibility determinations rest with the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). As the medical evidence and Hopkins's activities do not support his allegations that he is unable to work, the ALJ did not commit reversible error in rejecting Hopkins's testimony.

Hopkins also appears to assert that the ALJ should have ordered additional medical testing. However, the administrative record contains more than one thousand pages of evidence documenting Hopkins's medical conditions. Hopkins, who was represented by counsel before the Commissioner, did not request additional testing at the administrative hearing. Further, Hopkins does not allege any new information which could be obtained through further testing. Hopkins is responsible for establishing that he is disabled. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993). The record establishes that Hopkins had access to medical care. Further, Hopkins's conditions are well documented in the record. As Hopkins's conditions are well documented and Hopkins did not request additional testing at the administrative level, there was no reason for the ALJ to order additional testing.

Finally, Hopkins argues that his benefits were "illegally" terminated. Because Hopkins's original award of benefits was based on his drug addiction and alcoholism, the Commissioner was required by law to terminate Hopkins's benefits. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The law requires that the Commissioner make a new medical determination on whether Hopkins was disabled without considering his drug addiction and alcoholism. This is precisely what the ALJ did. After reviewing the medical evidence, the ALJ concluded that Hopkins was not disabled when his drug and alcohol abuse was eliminated from consideration. As there is substantial evidence to support the ALJ's conclusion as to this issue, the decision of the Commissioner must be affirmed.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.