NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0539n.06

No. 13-6600

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 22, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BILLY LYNN IRVIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SILER and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM. Billy Lynn Irvin appeals the district court's judgment affirming the denial of his applications for disability-insurance benefits and supplemental-security-income benefits.

Irvin filed applications for disability-insurance benefits and supplemental-security-income benefits, alleging that he became disabled on February 17, 2010. After the Social Security Administration denied the applications, Irvin requested a hearing before an administrative law judge ("ALJ"). The ALJ denied Irvin relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Irvin's applications.

On appeal, Irvin argues that the ALJ erred by: (1) failing to adequately explain his finding that Irvin did not meet the regulatory listing for inflammatory arthritis; (2) failing to provide good reasons for rejecting the opinion of Irvin's treating rheumatologist; (3) rejecting the

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

opinion of a treating nurse practitioner; (4) failing to adequately explain his reasons for finding that Irvin's testimony regarding the severity of Irvin's impairments was not credible; and (5) relying on a residual functional capacity ("RFC") assessment that did not include all of the limitations that the ALJ found to be credible.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Irvin first argues that the ALJ failed to adequately explain why Irvin did not meet the requirements of the regulatory listing for inflammatory arthritis. In his written decision, the ALJ explained that Irvin did not demonstrate that he had a dysfunction or deformity in one or more joints that prevented him from ambulating effectively or performing fine and gross movements effectively. This explanation, which identifies the specific listing criteria that Irvin failed to satisfy, is sufficient to "facilitate meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011); *see Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The ALJ's finding that Irvin failed to show that he could not ambulate effectively or perform fine and gross movements effectively is supported by substantial evidence.

Second, Irvin argues that the ALJ failed to provide good reasons for rejecting the opinion of treating rheumatologist Dr. Jayalakshmi Pampati. This argument is meritless. The ALJ explained that Pampati's opinion that Irvin was "totally incapacitated permanently" was entitled to little weight because it was contradicted by medical evidence showing that Irvin's symptoms

improved with medication and because Pampati declined to provide an assessment of Irvin's abilities despite being asked to do so. These findings are supported by substantial evidence. Contrary to Irvin's contention, the ALJ did not rely on the opinion of a non-examining physician as the basis for rejecting Pampati's opinion. In any event, opinions that a claimant is disabled or unable to work are not medical opinions but, instead, are administrative findings of fact that are reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).

Third, Irvin argues that the ALJ erred in rejecting the opinions of Kristie Smith, a treating nurse practitioner, in determining the extent of Irvin's restrictions. The ALJ found that Smith's opinions that Irvin could have to miss as many as five or six days of work per month and that Irvin's fine and gross manual manipulation was significantly limited were not supported by Irvin's medical records and activities of daily living. Opinions of nurse practitioners may be considered in evaluating the severity of a claimant's impairment. 20 C.F.R. § 404.1513(d)(1); *see* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). However, the extent to which the nurse practitioner's opinion is consistent with "the record as a whole" is a factor that is properly considered in determining how much weight to afford that opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The ALJ's determination that Irvin's treatment records and Irvin's own reports of his daily activities were inconsistent with Smith's medical opinions is supported by substantial evidence.

Fourth, Irvin argues that the ALJ improperly determined that his testimony regarding the severity of his impairments was not credible, because the ALJ did not explain how his testimony was inconsistent with other evidence in the record. This argument is meritless. The ALJ specifically cited medical records indicating that Irvin responded positively to medication, had no acute or active synovitis in his peripheral joints, and had only minimal chronic changes in his

wrist and finger joints. This explanation is sufficient because it "make[s] clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996); *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

Finally, Irvin argues that the ALJ's RFC assessment was defective because it did not include the limitations assessed by Smith, and did not include all of the restrictions identified by reviewing physicians Carloz Hernandez and Bryan Loy. Because the ALJ found that Smith's assessment of Irvin's limitations was not credible, he was not required to incorporate the limitations assessed by her into his RFC determination. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). In his written decision, the ALJ stated that his RFC assessment mirrored the findings included in the RFC assessments completed by Hernandez and Loy. This indicates that the ALJ found the limitations assessed by Hernandez and Loy to be credible. However, Hernandez and Loy opined that Irvin's reaching, handling, and fingering abilities were limited, and these manipulative limitations were not included in the ALJ's RFC assessment or the ALJ's question to the vocational expert ("VE"). This constitutes error. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *Casey*, 987 F.2d at 1235.

The Commissioner argues that any error in failing to incorporate the manipulative limitations assessed by Hernandez and Loy was harmless because the jobs identified by the VE in response to the hypothetical question required only frequent or occasional reaching, handling, or fingering, which was consistent with the doctors' assessments. In response to the ALJ's hypothetical question, the VE identified numerous jobs that Irvin was capable of performing. Relying on the VE's testimony, the ALJ concluded that Irvin was capable of performing the

following jobs: unarmed security guard, delivery person, flagman, ticket taker, grinding machine operator, and oil inspector. The first five listed jobs can be performed by an individual who is limited to only frequent reaching, handling, or fingering. *See* United States Dep't of Labor, Dictionary of Occupational Titles ("DOT") §§ 230.663-010 (outside deliverer), 344.667-010 (ticket taker), 372.667-022 (flagger), 372.667-034 (security guard), 690.685-194 (grinding-machine operator). The final job, described by the ALJ as an "oil inspector" and by the VE as an "oil filter inspector" does not appear to correspond to a job description listed in the DOT. Because it is unclear whether the oil-inspector position requires only frequent, rather than constant, reaching, handling, or fingering, it is unclear whether the Commissioner would have met his step-five burden of demonstrating that Irvin could perform this job if all of Hernandez's and Loy's restrictions had been included in the ALJ's hypothetical question to the VE. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (burden of proof shifts to Commissioner at step five). Furthermore, there is insufficient evidence in the record to conclude that the remaining jobs identified by the VE exist in significant numbers in the national economy if the oil-inspector position is excluded. *See* 20 C.F.R. § 416.960(c)(1).

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.