**James W. RUNYON, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 98–10373.

United States District Court, E.D. Michigan, Northern Division.

Aug. 24, 1999.

---

**448**

Lewis M. Seward, Seward, Tally, Bay City, MI, for plaintiff.

Karen M. Gibbs, U.S. Attorney's Office, Detroit, MI, for defendant.

**1.** Docket Entry # 11, filed March 3, 1999.

*ORDER AND JUDGMENT ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION*

ROBERTS, District Judge.

**I.**

On May 3, 1999, Magistrate Judge Charles Binder filed a Report and Recommendation in the above-captioned case. In it, the Magistrate opined that Plaintiff's Motion for Summary Judgment [1] should be granted, that Defendant's Motion for Summary Judgment [2] should be denied, and that the findings of the Commissioner should be reversed and remanded for an award of benefits. Defendant has filed objections, and Plaintiff has responded. This Court has conducted a *de novo* review of the objections, and finds them unpersuasive. Accordingly, the Court adopts the recommendations of the Magistrate Judge.

**II.**

James W. Runyon ("Plaintiff") filed the instant claim for benefits on June 5, 1996, alleging that he became unable to work on December 18, 1995. His claim was denied initially and upon reconsideration. On October 2, 1997, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Dennis L. Runyan, who considered Plaintiff's case *de novo*. In a written decision dated October 30, 1997, the ALJ found that Plaintiff was not disabled. Specifically, the ALJ found that Plaintiff suffered from the severe impairment of fibromyalgia. However, he further found that Plaintiff's complaints of disabling pain were not completely credible and that he retained the residual functional capacity ("RFC") to return to his prior work as a machinist, surface grinder, and laborer. The ALJ's decision became the decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 23, 1998. Plaintiff now seeks

**2.** Docket Entry # 12, filed March 25, 1999.

judicial review of the Commissioner's final decision.

### III.

█ The decision of the Commissioner is reviewable by the district court for a determination of whether it exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The district court may reject the final decision of the Commissioner where the decision is not supported by substantial evidence. 42 U.S.C. § 405(g); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir.1993); *Walker*, 980 F.2d at 1070. Substantial evidence is "that which is greater than a scintilla but less than a preponderance." *Walker*, 980 F.2d at 1070. It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that decision could support a decision the other way. *Casey*, 987 F.2d at 1233. In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

In the present case, the ALJ found that Plaintiff retained the RFC to perform work of medium exertion. As the Magistrate Judge points out, medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Medium work requires "standing or walking, off and on, for a total of approximately 6 hours in an 8–hour workday...." Social Security Ruling 83–10. The Magistrate Judge suggests that the ALJ's RFC assessment is not supported by substantial evidence in the record. He opines that the assessment is inconsistent with the objective medical findings of Plaintiff's treating physicians as well as their opinions regarding Plaintiff's abilities. Further, the Magistrate suggests that the ALJ's reliance on the hypothetical question posed to the Vocational Expert ("VE") does not support his analysis because the question did not accurately portray Plaintiff's impairments. Moreover, the Magistrate opines that the medical evidence adequately and consistently establishes Plaintiff's disability, such that remand for an award of benefits is proper.

The Commissioner objects to the Magistrate's recommendation on three grounds. First, the Commissioner objects that the medical evidence establishes a debilitating condition. Second, the Commissioner argues that he was not required to adopt the findings of Plaintiff's treating physician. Finally, the Commissioner claims that the hypothetical to the VE was supported by substantial evidence in the record.

█ The Court cannot agree with the first objection because the record, taken as a whole, establishes that Plaintiff does suffer from a debilitating condition. Without detailing every piece of evidence that supports this conclusion, the Court notes that Plaintiff suffers from an extensive history of discomfort in several joints. He has undergone several surgeries in attempt to alleviate his pain, apparently unsuccessfully. Specifically, Plaintiff has had surgeries on both shoulders, both elbows, the left knee and two cervical fusions. Additionally, Dr. Lingnefelter, who examined Plaintiff at the acute pain clinic at St. Luke's Hospital in Saginaw, reported that Plaintiff was almost entirely unable to bend from the waist due to pain and muscle spasm. Dr. Wright, Plaintiff's treating physician opined that Plaintiff suffers from fibromyalgia, with chronic arm, shoulder, neck, hip, leg and back pain. He additionally noted reduced ranges of motion in Plaintiff's hips, knees and shoulders, and that Plaintiff had a slow, unsteady gait. On two separate occasions, Dr. Wright opined that Plaintiff would be unable to undertake any lifting, carrying, bending, sitting, standing or walking. Upon reviewing the evidence in the whole record, this

Court cannot say that a reasonable mind could accept the conclusion that Plaintiff's impairments are not debilitating. Accordingly, the Court rejects the Commissioner's first objection.

While the Commissioner is clearly not required to accept the opinions of the treating physicians in all cases, the Court is of the view that the failure to do so in the present case was erroneous. The Commissioner claims that Dr. Wright's opinion was reasonably rejected because he did not substantiate his limitations with objective medical findings, and his findings were inconsistent with the predominantly normal objective medical findings of other physicians. While this is a valid basis for discounting an opinion in most cases, fibromyalgia is different. As the Sixth Circuit has noted:

> fibrositis [fibromyalgia] causes severe musculoskeletal pain which is accompanied by stiffness and fatigue due to sleep disturbances. In stark contrast to the unremitting pain of which [ ] patients complain, *physical examinations will usually yield normal results in a full range of motion, no joint swelling as well as normal muscle strength and neurological reactions.*

*Preston v. Secretary of Health and Human Services,* 854 F.2d 815, 817–818 (6th Cir.1988) (emphasis added). With fibromyalgia claimants, the disability determination is more necessarily complicated because normal clinical test results do *not* necessarily suggest the absence of a disability. As a result, the nature of the disease also has a profound impact on the manner in which the treating physicians' opinions are analyzed. Normally, a treating physician's opinion receives controlling weight if it is supported by clinical findings and is consistent with the other evidence in the record. *Walters v. Commissioner of Social Security,* 127 F.3d 525, 530 (6th Cir.1997). However, the difficulty of supporting an opinion with clinical findings in fibromyalgia cases renders it unlikely that a treating physician's opinion will be

entitled to controlling weight. Rather, the weight of the opinion must depend primarily on the factors provided in 20 C.F.R. § 404.1527, including (1) examining relationship; (2) treatment relationship, (3) supportability; (4) consistency with the record as a whole; and (5) specialization.

In the present case, Dr. Wright treated Plaintiff for four to five years prior to the hearing before the ALJ, and he examined Plaintiff several times a year. Dr. Wright noted that Plaintiff had undergone several surgeries to his joints, as well as many injections. After examining Plaintiff several times a year over the course of several years, Dr. Wright was of the opinion that Plaintiff is disabled, and Plaintiff's complaints of pain are consistent with this opinion. Meanwhile, the physicians upon whom the Commissioner relied had substantially less contact with Plaintiff. For example, Dr. Rene only treated Plaintiff on three occasions, while Drs. Hoyt, Simpson and Buday examined Plaintiff once. Further, as noted above, the normal objective medical findings noted by physicians are inherently less reliable given the nature of fibromyalgia. Accordingly, the Court finds that Dr. Wright's opinion was entitled to deference, and the clinical findings and opinions of the other physicians do not represent substantial evidence.

■ Finally, based on the above and its review of the record, the Court is also of the view that the VE's response to the hypothetical question was not supported by substantial evidence in the record, inasmuch as the questions posed did not accurately portray Plaintiff's impairments. In particular, the evidence does not support the conclusion that Plaintiff would be able to perform a job even with the limitations posed by the ALJ,—i.e., no frequent squatting or use of the shoulders over the top of the head. To the contrary, the Court agrees with the Magistrate that the medical evidence adequately and consistently supports a finding of disability and Plaintiff's entitlement to benefits.

## IV.

Based on the foregoing, the Court concludes that the Commissioner's objections to the R & R are without merit. Therefore, the recommendations of the Magistrate are hereby **ADOPTED.** Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED,** Defendant's Motion for Summary Judgment is **DENIED,** the Commissioner's findings are **REVERSED,** and the case is **REMANDED** for an award of benefits.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**