**Frances BUXTON, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security Defendant.**

No. 5:99CV742.

United States District Court, N.D. Ohio, Eastern Division.

Feb. 23, 2000.

have acted under color of state law or were in any way liable under this section. The claim is dismissed.

Lester S. Potash, Cleveland, OH, for Plaintiff.

Kathleen L. Midian, Office of the U.S. Attorney, Cleveland, OH, for Defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiff Frances Buxton brings this action against Kenneth Apfel, Commissioner of Social Security ("the Commissioner"), seeking judicial review of the Commissioner's denial of her application for disability benefits under the Social Security Act. This Court referred the case to Magistrate Judge Patricia A. Hemann for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), and the magistrate judge recommended that the Commissioner's decision be affirmed. (Doc. # 14). Buxton timely filed objections to the report and recommendation, and, after a *de novo* review of the record, this Court adopts the magistrate judge's report and recommendation affirming the Commissioner's decision to deny benefits to Buxton.

This case presents a fairly narrow issue for this Court to decide. The question is whether a plaintiff, who sincerely believes that she is disabled and suffering from numerous ailments, is disabled, as defined by the Social Security Act, when the available evidence indicates that the plaintiff is, in fact, not physically disabled, and is only limited by her own mistaken beliefs regarding her physical condition. This Court holds that in such a situation, a plaintiff is not per se disabled. This is not to say that a plaintiff cannot be considered disabled under such a scenario, merely that a plaintiff is not automatically considered disabled as a matter of law under such a scenario. Thus, the Administrative Law Judge's ("ALJ") decision that Buxton was not disabled, on the basis of a factual record giving rise to such a scenario, was not error as a matter of law and will not be reversed by this Court.

## I.

The factual background for this case is set forth more completely in the magistrate judge's report and recommendation, and this Court adopts the magistrate judge's statement of facts. The essential facts are as follows. Buxton applied for Social Security disability benefits in 1993 and, after being denied initially and on reconsideration, had a hearing before an ALJ on May 30, 1996. The ALJ concluded

that Buxton was not disabled, and, after the Appeals Council declined review and the ALJ's findings became that of the Commissioner's, Buxton filed the present action in federal court. Subsequently, Buxton and the Commissioner jointly requested a remand of the case to the ALJ for further proceedings, and a supplemental hearing was held on September ·18, 1998. After the second hearing, the ALJ again found that Buxton was not disabled as defined by the Social Security Act.

Buxton believes that she suffers from chronic fatigue syndrome and chemical sensitivity syndrome. Chronic fatigue syndrome is not a specific disease or illness, and it is often used as a diagnosis when no medical explanation can be found for a patient's symptoms of constant fatigue and lack of energy. It can be caused by real ailments, such as the Epstein–Barr virus or chemotherapy, but it is also used as a default diagnosis, as it was in Buxton's case, when medical science cannot discover a physical cause of the patient's symptoms (or believed symptoms). Chemical sensitivity syndrome is defined as extreme sensitivity to virtually all chemicals. For example, Buxton claims that virtually any chemical—newsprint, paint, perfume, etc.—will cause severe burning in her bladder. The medical expert testimony before the ALJ described chemical sensitivity syndrome as quackery medicine and indicated that no such ailment existed.

The sincerity of Buxton's beliefs regarding her symptoms and ailments has not been challenged. However, while Buxton does indeed suffer from depression, has some allergies, and has had some problems with her urethra, the medical testimony indicated that her chronic fatigue and extreme sensitivity to chemicals are imagined ailments. Her doctors have been unable to find any physical cause for the ailments from which she claims she suf-fers, and tests have indicated that she is not nearly as physically limited as she believes herself to be.

## II.

This Court's review of the ALJ's decision is limited to a determination of whether or not the ALJ's decision is supported by substantial evidence. *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993). Substantial evidence is, based on the record as a whole, "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Mowery v. Heckler*, 771 F.2d 966, 970 (6th Cir.1985) (quotation omitted). If the decision is supported by substantial evidence, the Commissioner's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983).

There is no question that there was substantial evidence for the ALJ to conclude that Buxton was not actually suffering from disabling physical ailments. Nevertheless, the ALJ did not question the sincerity of Buxton's beliefs. The question then is whether Buxton's sincere, but imagined, beliefs about her ailments and limitations, which if medically accurate would render her disabled under the Social Security Act, require the ALJ to make a finding of disability.

Buxton argues that the ALJ erred by focusing on her physical limitations and ignoring her mental limitations. The magistrate judge rejected Buxton's argument, saying: "The court does not accept the argument that plaintiff is disabled simply because she does not believe she can work. That position would open the floodgates to disability claims." (R & R at 7) Buxton's attorney takes issue with this statement, arguing that the magistrate's conclusion is

an oversimplification; that it is not that Buxton simply believes that she cannot work, but it is that she believes she suffers from extreme ailments and that it is these beliefs, which are real, that prevent her from working.

Buxton's attorney is correct to a point. The magistrate judge's conclusion is an oversimplification, and this Court does not agree that finding Buxton disabled under these facts would "open a floodgate." In this situation, unlike the flood of applicants the magistrate judge fears, there is no indication that Buxton is "faking" or actually acting in a manner inconsistent with her claims. Buxton clearly suffers from a psychosomatic disorder, and this distinguishes her from the person who simply comes forward and says "I can't work." This Court does not find that there are many people who would fall into the extreme category that Buxton does, and thus this Court does not fear an opening of the floodgates. However, that does not mean that Buxton is disabled as a matter of law.

Disability is defined under the Social Security Act as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905. Buxton has not demonstrated a "medically determinable physical or mental impairment." The evidence available to the ALJ is that Buxton is delusional and suffering from, at best, psychosomatic ailments. On this basis, it cannot be said that there was not a substantial basis for the ALJ's conclusion. Consequently, that decision, and thereby the Commissioner's decision, must be affirmed.

For the above reasons, this Court adopts the magistrate judge's report and recom-

mendation affirming the Commissioner's decision to deny benefits to Buxton.

This order is final and appealable.

IT IS SO ORDERED.

### ORDER

The Court has filed its memorandum and order adopting the magistrate judge's report and recommendation and finding judgment in favor of the Commissioner; therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is adopted, and judgment is entered in favor of the Commissioner of Social Security.

IT IS FURTHER ORDERED that this judgment is final and appealable.

## REPORT AND RECOMMENDATION

HEMANN, United States Magistrate Judge.

This case is before the magistrate judge pursuant to local rule. The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 416(i) and 423 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the court recommends that the decision of the Commissioner be affirmed.

### I.

Plaintiff, Frances Buxton ("Buxton"), filed an application for disability benefits on August 2, 1993, alleging an onset date of March 12, 1993. Plaintiff asserted disability due to fatigue, weakness and chemical sensitivity. After plaintiff's application for disability was denied initially and on

reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff was represented by counsel and testified on her own behalf. A vocational expert also testified.

On May 30, 1996 the ALJ issued a finding of no disability. The ALJ found that plaintiff has impairments secondary to chronic fatigue syndrome and chemical sensitivity syndrome but concluded that plaintiff does not have an impairment or combination of impairments equal to one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1992). The ALJ further concluded that plaintiff retained the residual functional capacity to perform her past relevant work. The ALJ thus concluded that plaintiff was not disabled.

Plaintiff requested review by the Appeals Council. The Appeals Council refused to review the determination, and plaintiff filed an action in federal court. Subsequently plaintiff and the Commissioner jointly requested a remand of the case for further proceedings. A supplemental hearing was held on September 18, 1998. Plaintiff did not appear but was represented by counsel. Two medical advisors, a specialist in internal medicine and a psychiatrist, testified as well as a vocational expert. The ALJ found plaintiff has impairments secondary to chronic fatigue syndrome, chemical sensitivity syndrome, somatoform disorder and depression but does not have impairments meeting or equaling a Listing. He further concluded that while plaintiff cannot perform her past relevant work, there exist a significant number of jobs in the national economy which she can perform and, therefore, is not disabled. Once again the Appeals Council denied request for review, and the ALJ's findings became those of the Commissioner.

Plaintiff raises as error in this appeal the ALJ's failure to credit plaintiff's complaints of real or perceived impairments. In short plaintiff argues that if her impairments are "real," then she is physically disabled by them and if they are "perceived," then she is psychologically disabled.

II.

The evidence of record is as follows. Plaintiff was 48 years old at the time her insured status expired. She has a high school education, one year of college and past relevant work as a secretary and production coordinator. Buxton testified that she is sensitive to essentially all chemicals, dust, grass, mold—almost everything in the environment. She reacts by experiencing extreme bladder pain and burning, memory loss, dizziness, weakness, headaches and confusion. She has become depressed because of her illnesses. Buxton has been unable to take medication for the allergies or for the depression because of side effects. She testified that she can cook, vacuum, dust, and care for her personal needs but can do only one room a day and must rest after she bathes because her blood pressure elevates. She can eat in restaurants if she eats quickly and if there is no chemical presence. Buxton testified that even if she worked in a chemical free environment, she would have problems with her memory. Plaintiff takes Vicodin as needed and Benadryl daily plus herbal therapies.

Buxton was treated by D. Nelson, M.D. beginning in October 1991. She complained of weakness, fatigue and urethral pain. Dr. Nelson treated her with allergy shots and medication.

From December 1991 until November 1992 plaintiff treated with R. Kratche, M.D. Plaintiff reported allergies which caused urethritis. She also complained of chronic fatigue and weakness. In responding to the state agency in October

1993 Dr. Kratche opined that his findings were normal, plaintiff's allergies were mild to moderate and plaintiff was "fully capable of performing any and all activities" delineated on the standard form. He described her as "bright and articulate" with no physical disabilities. In January and February 1993 plaintiff saw R. Salata, M.D., an infectious disease specialist. Dr. Salata diagnosed chronic fatigue, without meeting the CDC criteria for chronic fatigue syndrome, elements of anxiety-depression, and obsession with "foolish" medicine. Dr. Salata opined that plaintiff had no physical limitations and "somewhat limited" mental activities.

Plaintiff treated with K. Deorio, M.D., a general practitioner, from March to September 1993. Dr. Deorio diagnosed chronic fatigue syndrome and chronic urethritis. He opined that her work limitations included an inability to work in an environment with acute chlorine exposure.

Julian Gordon, M.D., a urologist, opined in April 1994 that plaintiff would not be disabled due to her urethral symptom complex and that he could not comment on her underlying medical condition.

From November 1994 to January 1996 plaintiff treated with S. Frank, M.D. In a July 1995 letter to plaintiff's counsel, Dr. Frank noted an elevated IgG test for HHV6, which he describes as a fatiguing virus. He reported that plaintiff's psychiatric examination (discussed below) showed no sign of psychiatric diagnosis using DSM IV, attending to diagnoses of major depression; dysthymic depression; bipolar disease; anxiety disorder; personality disorder or somatization disorder. All medical tests were negative for fatigue. Dr. Frank reported chronic fatigue syndrome based on severe relapsing fatigue, impaired cognition, frequent episodes of sore throat, muscle and joint pain in multiple locations, sleep disorder and post-exertional collapse.

The psychological evidence is as follows. In February 1995 Buxton was examined by M. Bielefeld, Ph.D. Dr. Bielefeld reported that plaintiff was depressed and stressed by her medical condition. She concluded that plaintiff could not work because of chronic pain and chronic fatigue. She opined that other than chronic fatigue syndrome and severe chemical sensitivities, Buxton would be able to perform gainful employment.

Reviewing agency psychologists diagnosed an affective disorder and moderate limitation in ability to concentrate for extended periods, to perform within a schedule, to perform at a consistent pace, to maintain regular attendance and to respond appropriately to work changes. There were no other psychological limitations.

F. Cox, M.D. testified as a medical advisor at the supplemental hearing. Dr. Fox testified that the diagnosis of multiple chemical allergies "is a condition that is not accepted by conventional medical centers" and that there was no physical manifestation of plaintiff's allergies. He accepted the diagnosis of chronic fatigue syndrome based upon plaintiff's "feelings" but could not find any medical explanation of why she felt as she does. Also, he disagreed with the reliance on the HHV6 results.

Daniel Schweid, M.D. testified as a psychiatrist at the hearing that plaintiff's impairments do not meet any listing but that she should work in a low stress, routine environment with no production quotas or intrinsically confrontational situations. He opined that plaintiff is hypochondriacal and responsive to doctors who reinforce her hypochondria and concluded that plaintiff is moderately impaired because of her perceptions of her physical condition.

The vocational expert opined that plaintiff could not perform her past relevant work but that there were a substantial number of jobs which she could perform with the limitations imposed by the ALJ: routine, repetitive tasks with no production quotas; no fast-paced work, no work requiring confrontation, negotiation, persuasion or other non-neutral interactions with others; and no responsibility for the safety of others.

Based on the above, the ALJ concluded that plaintiff is not disabled.

### III.

A claimant is entitled to receive supplemental security benefits under the Social Security Act when he or she establishes disability within the meaning of the Act. 42 U.S.C. § 1382c(a)(1); 20 C.F.R. § 416.905 (1992); *Kirk v. Secretary of Health and Human Servs.*, 667 F.2d 524 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). A claimant is considered disabled when he or she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (1992).

This court's review is limited to a determination of whether on the record as a whole the Commissioner's decision is supported by substantial evidence. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978). "Substantial evidence" is more than a scintilla of evidence but less than a preponderance of evidence. It is evidence which a reasonable person would accept as adequate support for a proposition. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). If the decision is supported by substantial evidence, the Commissioner's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983).

With respect to plaintiff's physical condition and accepting a diagnosis of chronic fatigue syndrome, no treating or examining physician opined that plaintiff is disabled by that condition or any other one, including urethritis. Only Dr. Frank was willing to accept any limitations arising from chemical exposure. The remaining doctors could find no support for that diagnosis. In fact, allergy testing showed only mild to moderate reaction to a limited number of substances. Plaintiff saw numerous doctors; Dr. Schweid pointed out that she had seen 10 physicians in three years. Yet there is no opinion of disability based upon a medical condition.

Plaintiff's assertion of a mental disability is based solely on her own expressions of symptoms. Dr. Bielefeld opined that plaintiff could not work; that opinion, however, was not based on her mental state but on her physical one. The limitations articulated by the reviewing state physicians were incorporated into the hypothetical posed to the vocational expert, as were those of Dr. Schweid. The court does not accept the argument that plaintiff is disabled simply because she does not believe she can work. That position would open the floodgates to disability claims. The court assumes that anyone who files for disability believes that he/she cannot work. That subjective "evidence" cannot be sufficient to overturn the findings of the Commissioner.

### IV.

For the above stated reasons, the magistrate judge recommends that the decision of the Commissioner be affirmed.

December 1, 1999.

*OBJECTIONS*

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters,* 638 F.2d 947 (6th Cir.1981). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).