Jeffery A. FOX, Plaintiff–Appellant,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 00–6247.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Before BOYCE F. MARTIN, JR., Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

### ORDER

This is an appeal from a summary judgment affirming a decision to deny an application for Social Security benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 26, 1995, Jeffery Fox filed a claim for disability insurance benefits with the Social Security Administration based on back problems that allegedly worsened after a prior claim for benefits had been

denied on October 8, 1994. The application was denied and Fox's appeal to the district court resulted in a decision affirming the Commissioner's determination. This appeal followed.

Jeffery Fox filed his present application for disability benefits on June 26, 1995. Fox was thirty-one years old at the time of his application with a high school education and Fox alleged in his application that he suffered from disabling back pain with an onset date of October 9, 1994, the day after the Commissioner denied Fox's earlier application for disability benefits based on his back condition.

Fox's history of back problems began, however, in 1981 and lead to the Social Security granting an earlier application for disability benefits commencing August 28, 1985 and ending April 1988. The record evidence shows that Fox alternatively worked and sought treatment for his back from spine specialist Dr. Robert Sendele from 1988 through 1993, at which time he apparently went almost two years without any documented effort to seek medical treatment. On January 9, 1995, Fox once again sought treatment from Dr. Sendele. Fox reported that he was no longer following recommended therapy for pain although he was taking narcotics prescribed by a physician whose name Fox could not remember. Dr. Sendele saw Fox again and, on January 26, 1995, opined that Fox could work with a five to ten pound lifting restriction as long as he could change positions every fifteen to thirty minutes and recommended a course of vocational rehabilitation. The record indicates that Fox's two visits to Dr. Sendele in January 1995 were the only medical treatment Fox sought in the period from October 9, 1994 through June 30, 1995.

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

The Administrative Law Judge ("ALJ") considered the preceding medical evidence as well as evidence of Fox's daily activities and his hobbies, including deer hunting. The ALJ concluded that Fox was unable to return to his past work, but that he retained the residual functional capacity to perform sedentary work. This assessment was nearly identical to that of Dr. Sendele and was bolstered by the evidence of Fox's ability to engage in a fairly wide range of normal activities in his daily existence and to hunt deer on a regular basis. A vocational expert testified as to the significant number of sedentary jobs in the economy that Fox could perform. The ALJ then consulted the medical-vocational "grids" and concluded that an individual of Fox's age, with his education and the ability to perform a full range of sedentary work, was not disabled prior to the expiration of his insured status on June 30, 1995. The Appeals Council adopted this determination, by declining to review it, and Fox's appeal to the district court was fruitless.

Under 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive so long as they are supported by substantial evidence. This court's review "is limited to determining whether there is substantial evidence in the record to support the findings." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir.1986). Furthermore, this court must defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

■ The doctrine of res judicata bars an award of benefits prior to the Commissioner's previous denial of benefits on October 8, 1994. *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir.1993). In order to be award-ed benefits for his condition since that time, Fox must demonstrate that his condition has so worsened in comparison to his condition in October 1994 that he was unable to perform substantial gainful activity. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1232–33 (6th Cir. 1993). Further, Fox's insured status for disability benefits expired on June 30, 1995. Consequently, Fox had the burden to show that he was disabled during this interim period in order to be entitled to disability insurance benefits. *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir.1984).

■ The evidence of record does not call the Commissioner's determination into any question. The opinion of Fox's own treating physician was that 1) Fox should stop taking narcotic pain medication, 2) that he should begin vocational rehabilitation, and 3) that he could work at a level that is defined as "sedentary" by the Commissioner. Fox admitted to being able to carry out many of his daily life functions in addition to being an avid deer hunter, a hobby that the ALJ obviously found to be beyond one who was truly disabled and which undoubtedly contributed to his discounting Fox's credibility in relating his allegations of disabling pain. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.