NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0368n.06

No. 13-6252

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CATHY M. WINSLOW, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BOGGS and CLAY, Circuit Judges; COHN, District Judge.[*]

PER CURIAM. Cathy M. Winslow appeals the district court's judgment affirming the denial of her applications for disability-insurance benefits and supplemental-security-income benefits.

Winslow filed applications for disability-insurance benefits and supplemental-security-income benefits, alleging that she became disabled on April 30, 2009. After the Social Security Administration denied the applications, Winslow requested a hearing before an administrative law judge (ALJ). The ALJ denied Winslow relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Winslow's applications.

On appeal, Winslow raises the following arguments: (1) the ALJ failed to properly resolve a conflict between the testimony of the vocational expert (VE) and the Dictionary of

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Occupational Titles (DOT) and related materials; (2) the ALJ failed to perform a function-by-function assessment of her residual functional capacity (RFC), and the ALJ's decision was not supported by substantial evidence; (3) the ALJ failed to accurately portray Winslow's limitations in her hypothetical questions to the VE; (4) the ALJ erred by concluding that Winslow's testimony was not fully credible; and (5) the district court erred by declining to remand the case to the ALJ for consideration of additional medical evidence.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Winslow first argues that the ALJ failed to fulfill her duty under Social Security Ruling (SSR) 00-4p to resolve a conflict between the VE's testimony and information in the DOT and related materials. Winslow specifically contends that the VE's assumption that a limitation to "simple tasks" is equivalent to a limitation to unskilled work conflicted with the DOT because some unskilled jobs require reasoning, mathematical, language, and other abilities that are not simple. The ALJ did not err by failing to explicitly address this issue because the alleged discrepancy is not the type of actual or apparent conflict that necessitates a resolution under SSR 00-4p. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009) (holding that "[t]he fact . . . that a VE and the DOT might use different terminology to describe employment positions does not establish that a conflict exists between these sources of evidence"); *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011) (rejecting "the proposition that [DOT] jobs requiring reasoning levels two or three are inconsistent as a matter of law with a

limitation to simple work"). "[T]he Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided conflicts with the information provided in the DOT." *Lindsley*, 560 F.3d at 606. Here the VE stated that his testimony was consistent with the DOT. The ALJ thus satisfied his obligation and no "actual or apparent conflict" existed to warrant further investigation or reconciliation.

Winslow next argues that the ALJ failed to perform a function-by-function assessment of her RFC as required by 20 C.F.R. §§ 404.1545 and 416.945 and SSR 96-8p. The record reflects, however, that the ALJ complied with the applicable regulations by assessing each of Winslow's work-related limitations that were at issue. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 729 (6th Cir. 2013); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002).

Winslow next argues that the ALJ's decision is not supported by substantial evidence for two reasons: (1) the representative jobs that the VE identified were inconsistent with the restrictions imposed by the ALJ; and (2) the ALJ failed to properly weigh the opinions of Dr. Benjamin Parker and Dr. Thomas Muehleman that Winslow had significant limitations in dealing with work-related stress and other individuals and the contrary opinions of the state-agency psychological consultants and the testifying medical expert.

Substantial evidence supported the ALJ's decision because at least two of the representative jobs identified by the VE, namely, office helper and escort-vehicle driver, *see* Dictionary of Occupational Titles §§ 239.567-010, 919.663-022, existed in significant numbers in the national economy, *see* 20 C.F.R. §§ 404.1566, 416.966, and were consistent with the ALJ's decision to restrict Winslow to light work involving the performance of simple tasks in a low-stress environment, *see Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (concluding that a restriction to carrying out simple job instructions and performing simple, routine, and repetitive work activity does not preclude performance of jobs requiring level 2 reasoning); *Hackett v.*

*Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (concluding that a restriction to simple and routine work tasks does not preclude performance of jobs requiring level 2 reasoning). In addition, the ALJ reasonably gave little weight to Dr. Parker's February 2011 opinion on the basis that he had not seen Winslow in four years and his conclusions were based on data from a time before her alleged disability date. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). Likewise, the ALJ reasonably discounted Dr. Muehleman's concerns regarding Winslow's inability to tolerate work-related stress on the basis of the medical expert's testimony that Winslow's difficulty could be neutralized by limiting her to simple work in a low-stress environment.

Winslow next argues that the ALJ failed to properly incorporate all of her work-related limitations into the hypothetical questions posed to the VE. The record reflects, however, that the hypothetical questions were proper because the ALJ incorporated all of the functional limitations that she deemed credible. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."); *Justice v. Comm'r of Soc. Sec. Admin.*, 515 F. App'x 583, 588 (6th Cir. 2013) ("[T]he ALJ is only required to incorporate, as part of that examination [of the VE], evidence that is deemed credible.").

Winslow next argues that the ALJ erred by concluding that her testimony concerning the extent of her impairments was not fully credible. We accord great weight and deference to an ALJ's credibility finding, but such a finding must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Substantial evidence supported the ALJ's credibility determination because, to the extent that Winslow claimed to have significant

functional limitations, her testimony conflicted with the majority of objective medical evidence in the record and the credible medical-source opinions. *See* 20 CFR §§ 404.1529(a), 416.929(a).

Finally, Winslow argues that the district court erred by declining to remand the case to the ALJ under sentence six of 42 U.S.C. § 405(g) for consideration of additional medical evidence consisting of treatment records from visits with her psychiatrist from April to October 2011. We have not determined whether to review a district court's denial of a request for a sentence-six remand under a de novo or abuse-of-discretion standard. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). We need not decide the issue here, however, because Winslow's claim fails under either standard. A remand under sentence six is warranted only where an applicant presents new and material evidence and there is a reasonable justification for failing to present the evidence to the ALJ. *Id.* Evidence is material only if there is a reasonable probability that it would have affected the outcome of the proceeding. *Id.* Winslow has not shown that the 2011 treatment records at issue are material because they contain only general information that is not significant enough to have affected the ALJ's decision.

Accordingly, we affirm the district court's judgment.