**<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>**

File Name: 17a0636n.06

Case No. 17-5372

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LISA E. BURTON, | ) | **FILED** |
| | ) | Nov 17, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: SILER, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. A few years ago, Lisa Burton applied for social security disability benefits. To get them, she had to show that she was or would be unable to work for a continuous period of at least one year. *See* 42 U.S.C. § 423(a)(1)(E), (d)(1)(A). So she submitted her application and her medical records, and her claim set out on the long path to this court.

First up was agency review. As part of this review, an expert consulting physician reviewed Burton's file to interpret difficult-to-decipher medical data and to help determine whether Burton was disabled. The expert opined that Burton was not disabled because, despite her impairments, she would regain the ability to work within twelve months. So the agency found that she was not disabled. An administrative law judge later agreed. The district court

then affirmed, and Burton now appeals. We review the district court's decision de novo. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

On appeal, Burton first argues that the ALJ's decision was not supported by substantial evidence. The problem, in Burton's view, is that the ALJ gave the consulting expert's opinion "great weight" in determining that she was not disabled. And, in Burton's eyes, this reliance ignored her subsequent medical history. In the year and a half between the expert's opinion and the ALJ's decision, Burton had undergone spinal surgery and two knee replacements.

But far from resting on the expert's laurels, the ALJ's decision analyzed Burton's medical history *throughout* the relevant period, considering both the impairments Burton suffered before the expert issued his opinion and those that arose after. *See* R. 9-2, Pg. ID 101 (first citing R. 9-7, Pg. ID 719 (medical record indicating that Burton exhibited "normal [muscle] tone and motor strength" and "normal movement of all extremities"); then citing *id.* at Pg. ID 801–02 (medical record indicating that Burton was recovering "very well" one month after knee surgery); and then citing *id.* at Pg. ID 883 (medical record indicating that Burton was "pleased with [the] outcome" of her spinal surgery and reported that her "back pain and . . . radicular pain [were] gone")). And the ALJ relied on the expert's opinion only because it was "*consistent* with the medical evidence of record and the claimant's activities." R. 9-2, Pg. ID 102 (emphasis added). Thus, the ALJ did not err in relying upon the expert opinion. *See Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) ("There will always be a gap between the time the agency experts review the record . . . and the time the hearing decision is issued. Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap

exists does not warrant the expense and delay of a judicial remand."). Burton's substantial-evidence challenge thus fails.[1]

Burton's second argument is that the ALJ failed to consider the "total limiting effect" of her combined impairments. *See* 20 C.F.R. § 404.1523(c) ("[W]e will consider the combined effect of all your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). But the ALJ's decision explicitly considered which jobs Burton could be expected to perform in light of her eight severe "impairments"— plural. R. 9-2, Pg. ID 97–98, 100–02. And the decision reasoned that "despite her multiple surgeries," Burton's gait, muscle tone, motor strength, movement of extremities, and sensation and reflexes were all normal. *Id.* at Pg. ID 101 (emphasis added). The substance of the ALJ's decision thus indicates that it did consider the total limiting effect of Burton's combined impairments. *See Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (per curiam) (holding that decision considered the combined effect of claimant's impairments where it referred to "'severe impairments' (plural)" and limited the claimant's working capacity in light of multiple impairments). Since the ALJ considered the combination of Burton's impairments, her second challenge also fails.

\* \* \*

For the reasons stated, we **AFFIRM** the district court's decision.

---

[1] Burton also argues that the ALJ who decided her case has issued inconsistent decisions concerning the utility of medical opinions rendered before a subsequent surgery. But this argument is waived since it was not raised until her reply brief. *See United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is waived.").