NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0191n.06

No. 17-6129

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JAMIE W. BOLTON, | ) | **FILED** |
|  | ) | Apr 12, 2018 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | KENTUCKY |
|  | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

Before: BATCHELDER, SUTTON, and WHITE, Circuit Judges.

PER CURIAM. Jamie W. Bolton appeals the district court's judgment affirming the denial of his application for disability insurance benefits.

In 2013, Bolton filed an application for disability insurance benefits, alleging that he became disabled on January 1, 2012. His application cited the following physical impairments: degenerative disc disease, lumbar spinal stenosis, clinical depression, arthritis, addiction to pain medication, social anxiety, hypertension, herniated discs, neuropathy, and sleep apnea. After the Social Security Administration denied the application, Bolton requested a hearing before an administrative law judge (ALJ). The ALJ found that Bolton was not disabled, and the Appeals Council declined to review the case. The district court affirmed the denial of Bolton's application.

On appeal, Bolton argues that the ALJ erred in the following ways: (1) by concluding that he did not meet or equal the regulatory listing for spinal disorders and by overlooking the severity and impact of the combination of his impairments; (2) by failing to give controlling weight to the medical opinions of his treating physicians and by otherwise failing to properly weigh the opinion evidence; and (3) by relying on certain testimony from a vocational expert.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Bolton first argues that the ALJ erred by concluding that he did not meet or equal the regulatory listing for spinal disorders under 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A).[1] Bolton further argues that the ALJ overlooked the severity and impact of the combination of his impairments, including his major depressive disorder and panic disorder.

A claimant will be found disabled based on a listed impairment if the claimant presents medical findings that satisfy all of the elements of the listing. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *see Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 710 (6th Cir. 2013). A claimant may also show that he is disabled because his impairments are equivalent to a listed impairment by presenting medical findings that are equal in severity to all

---

[1] Listing 1.04 requires: (1) a disorder of the spine; (2) that results in the compromise of the nerve root or the spinal cord; and (3) evidence of nerve root compression characterized by:

    (a) neuro-anatomic distribution of pain,
    (b) limitation of motion of the spine,
    (c) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and
    (d) positive straight-leg raising test (if there is involvement of the lower back).

20 C.F.R. Pt. 404, Subpt. P., App. 1 § 1.04A.

of the criteria for the most similar listed impairment. *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001).

Substantial evidence supports the ALJ's determination that Bolton failed to meet the regulatory listing under § 1.04(A) because there are no medical findings in the record showing that Bolton had "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss" as required by the listing. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). And Bolton forfeited his argument that the ALJ overlooked the severity and impact of the combination of his impairments by failing to raise the argument in the district court. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 288 (6th Cir. 2009) ("[T]his Court will not consider claims that are presented for the first time on appeal nor arguments that are not properly raised below.") (citation omitted).

Bolton next argues that the ALJ erred by failing to give controlling weight to the medical opinions of his treating physicians and by otherwise failing to properly weigh the opinion evidence. Bolton specifically contends that the ALJ improperly evaluated the following opinions: (1) the opinion of Dr. Brian Schack, who concluded that Bolton was "[u]nable to complete manual labor" and "not able to get motivated to do anything"; (2) the opinion of Dr. David Gilbert, who concluded that Bolton was unable to bend, squat, reach, or twist to move objects; (3) the opinion of Dr. Mitchell Simons, who concluded that Bolton's functioning was impaired by pain and that he had significant exertional limitations; (4) the opinion of Dr. Geoff Schwerzler, who diagnosed Bolton with panic disorder with agoraphobia, major depressive disorder, and opiate dependence; and (5) the opinion of Dr. Peter Ganshirt, who concluded that Bolton's severe mental and psychological impairments resulted in marked to extreme functional limitations. Bolton further contends that the ALJ improperly disregarded the opinions of Dr. Pragya Gupta, Dr. Robert Bohinski, and Dr. Tann Nichols.

A medical opinion from a treating source must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* If a treating-source opinion is not given controlling weight, the ALJ must weigh all of the medical opinions based on all relevant factors, including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Substantial evidence supports the ALJ's weighing of the medical opinions at issue. First, the statements that Bolton attributes to Dr. Schack and the specific exertional limitations that were allegedly proposed by Dr. Simons were merely their recitations of Bolton's complaints rather than their medical opinions. Second, Bolton has failed to identify any specific opinion from Dr. Schwerzler concerning his functional capacity, and there are no medical opinions in the record from Dr. Gupta, Dr. Bohinski, or Dr. Nichols. Finally, Dr. Gilbert and Dr. Ganshirt were not treating sources, but rather referrals from Dr. Schack; each examined Bolton on a single occasion, *see* 20 C.F.R. § 404.1527(a)(2); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 274 (6th Cir. 2015), and the ALJ properly evaluated their opinions. The ALJ reasonably gave little weight to Dr. Gilbert's opinion because nothing in Dr. Gilbert's evaluation supported the conclusion that Bolton was completely unable to move objects while bending, squatting, reaching, or twisting. And the ALJ reasonably discounted the opinion of Dr. Ganshirt because it was based on a single evaluation, and the extreme severity of the proposed limitations was not supported by the medical evidence in the record, which generally showed that Bolton received conservative mental-health treatment and that he did not have disabling mental or psychological impairments.

In his reply brief, Bolton also argues that the ALJ should have given controlling weight to a medical-source statement that Bolton contends was completed by Dr. Schack, which concludes that Bolton has several exertional and postural limitations. The ALJ gave no weight to the statement because it was not signed by the author and there were no reasons given for the conclusions. Bolton has forfeited any challenge to the ALJ's decision to disregard the medical source statement by failing to specifically raise the issue in the district court or in his initial appellate brief. *See Burton v. Comm'r of Soc. Sec.*, 702 F. App'x 436, 437 n.1 (6th Cir. 2017); *White*, 572 F.3d at 288.

Finally, Bolton argues that the ALJ erred by relying on a vocational expert's testimony that Bolton had the functional capacity to perform several jobs because the testimony was given in response to a hypothetical question that did not incorporate all of Bolton's functional limitations. Bolton also argues that the ALJ erred by relying on the vocational expert's testimony because the expert considered the wrong geographic area when determining whether there were a significant number of jobs that Bolton could perform. We disagree. The hypothetical question incorporated all of the functional limitations that the ALJ found to be credible, and Bolton has not shown that the functional assessment was improper. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421-22 (6th Cir. 2014). Bolton forfeited his argument concerning whether the vocational expert considered the wrong geographic area by failing to raise the issue in the district court. *White*, 572 F.3d at 288.

Accordingly, we **AFFIRM** the district court's judgment.